CHARLES KEITH et al. v. STATE.

No. A-4360.    Opinion Filed Jan. 29, 1924.
Rehearing Denied Feb. 29, 1924.
(223 Pac. 191.)

(Syllabus.)

1.    Appeal and Error—Verdict not Disturbed Where Testimony to Support. Where there is testimony in the record clearly tending to support the verdict, it will not be disturbed on appeal on the ground of insufficiency of the evidence.

2.    Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Sale. Evidence held to sustain the conviction for selling intoxicating liquor.

Appeal from County Court, Canadian County; W. M. Wallace, Judge.

Charles Keith and another were convicted of the unlawful sale of intoxicating liquor, and they appeal. Affirmed.

Babcock & Trevathan, for plaintiffs in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charges the defendants, Charles Keith and Jesse Robinson, with selling intoxicating liquors, to wit, corn whisky, to one John Ranspot.   Upon the trial they were found guilty, and their punishment fixed at confinement for six months in the county jail and a fine of $500 each.   From the judgment rendered in pursuance of the verdict, they appeal.

The evidence shows or tends to show the following facts:

John Ranspot, an employee of the John J. Grier Company, operating a news and novelty stand in the Rock Island Depot at El Reno, made arrangements with a man whom he testifies is unknown to him to purchase a half gallon of whisky for $7.50.   He told this man he had a suit case at his stand in the depot, and to send for it, and deliver the whisky to him in that way.   Shortly after defendant Robinson, a taxi driver, came to him, and he gave him the suit case and $7.50 to carry to the man that sent him.   In about 30 minutes defendant Robinson came back, and Ranspot went out and got the suit case, and set it inside the stand. Mr. Bannister and another man came in and wanted the suit case, and Ranspot demanded a search warrant.   Then John Burnett, chief special agent of the Rock Island, took and opened the suit case, and found a half gallon of corn whisky in it, which he turned over to the officers.

E. E. Milam testified:

"I live at El Reno; wire chief of the Rock Island; have known defendants at least five years; saw both defendants

and John Ranspot near the Rock Island depot on the night of the 9th of June last year. I saw defendant Robinson motion to defendant Keith to come out of the Southern Hotel; Keith came out, and they had a conversation. I heard Robinson say, 'Well, I will go and get the car and meet you at the corner of the Southern Pharmacy.' After the conversation Robinson went over to the depot and returned with the car. Keith got in the car at the corner. Mr. Whitlock was waiting around the corner, and I went and got in his car, and we followed Robinson's car. They went down Wade street, turned north on Evans, then turned on Choctaw, and then went down to Keith's house, where both got out of the car. We turned east, and came to the police station, and told Gibson and Bannister to wait for them at the Rock Island depot. We parked the car there. In about ten minutes I saw Keith walking up the sidewalk and Robinson headed for the depot. When he stopped the car Robinson reached back and picked up a suit case and handed it to Ranspot, who took it into the Rock Island Depot, putting it behind the counter. I told them to tell Mr. Burnett, chief agent of the Rock Island. Mr. Burnett opened the grip, and found a half gallon of whisky. I tasted it, and it was a poor grade of corn whisky.''

The testimony of Carl Whitlock is substantially the same as that of the witness Milam.

H. E. Bannister testified that he went to the depot and waited for defendants to come back with the whisky; that he saw the car coming up the street, and while it was running Keith jumped off near the Southern Hotel. Witness followed the car, and saw Robinson take the grip out and carry it to the door of the depot, and there hand it to Ranspot.

At the close of the state's testimony defendants moved the court to exclude and withdraw from the consideration of the jury the whisky and all evidence with reference to

the search and seizure of the same in the Grier News Stand, which the court refused to do.

The defendants offered no evidence, and moved for an acquittal on the ground that the evidence was insufficient to warrant a conviction, which motion was overruled. Exceptions reserved.

It is urged by counsel for defendants that a conviction was not authorized, because the whisky seized and introduced in evidence was obtained without a search warrant. The evidence shows that the suit case containing the whisky in question was not in the possession of the defendants when it was taken from witness Ranspot by the Rock Island agent, Burnett; hence the contention is without merit.

It is also contended that the evidence is insufficient to sustain the conviction. It is well settled that this court will not reverse the judgment of the trial court upon the ground that the evidence is insufficient to sustain the verdict when there is substantial evidence tending to support the verdict of the jury.

In our opinion the evidence is abundantly sufficient to warrant the verdict of the jury, and it should be approved.

We find no error committed on the trial. The judgment is affirmed.

MATSON, P. J., and BESSEY, J., concur.